UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10087-FDS |
| | ) | |
| (1) DI'LON SMITH, a/k/a DILON SMITH, and | ) | |
| (2) DENZEL SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' PARTIAL OPPOSITION TO
DEFENDANTS' RENEWED MOTIONS TO COMPEL DISCOVERY**

The United States opposes in part defendant Denzel Smith's renewed motion to compel

discovery (Doc. No. 68) and defendant Dilon Smith's renewed motion to compel discovery

(Doc. No. 69). The government agrees to produce all surveillance reports (other than controlled

buy reports) connecting the defendants with 177 Megan Road. The government also will disclose

the information contained in the controlled buy reports that it intends to disclose to Probation and

the Court as part of any post-conviction statement of relevant conduct. The Court should deny

the defendants' request for the controlled buy reports because the government does not intend to

introduce any evidence at trial regarding the controlled purchases, and because disclosure of the

controlled buy reports would enable the defendants to identify the confidential informants

("CIs") who made the controlled buys, which would jeopardize the CIs' safety.

**RELEVANT PROCEDURAL HISTORY**

On April 5, 2018, the defendants were indicted on one count of being Felons in

Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 2. The guns

and ammunition charged in the indictment were found in the basement apartment of 177 Megan

Road in Hyannis when Barnstable Police executed a search warrant at that address on November 29, 2017.

As part of automatic discovery, the government produced the search warrant for 177 Megan Road as well as three other search warrants. The search warrant affidavits described seven controlled purchases of fentanyl and/or heroin, four from Dilon Smith and three from Denzel Smith, by CIs.

The defendants moved to compel certain discovery, including the controlled buy reports. *See* Doc. Nos. 47-48. The government objected. *See* Doc. No. 51. After a hearing, the Court denied the motions in part, including the defendants' request for the controlled buy reports. *See* Doc. No. 57.

On October 18, 2018, the defendants were charged in a superseding indictment with the same initial charge (Count One), plus Possession with Intent to Distribute 100 Grams or More of a Controlled Substance Analogue, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Four and Five). The drugs supporting the new charges were found in the basement apartment of 177 Megan Road, together with the firearms and ammunition, during the search on November 29, 2017.

The defendants have renewed their motions to compel in part. Both defendants seek an order compelling the government to produce: (1) all reports documenting surveillance of Denzel coming to and/or leaving 177 Megan Road; (2) all reports documenting other surveillance of Denzel on which the government intends to rely in order to establish a connection between Denzel and 177 Megan Road; and (3) any controlled buy reports on which the government

intends to rely for relevant conduct at Denzel's sentencing. *See* Doc. No. 68 at 1; Doc. No. 69 at 1 n.1. In addition, Dilon Smith seeks an order compelling the government to produce: (1) all reports documenting surveillance of Dilon coming to and/or leaving 177 Megan Road; (2) all reports documenting other surveillance of Dilon on which the government intends to rely in order to establish a connection between Dilon and 177 Megan Road; and (3) all controlled buy reports involving Dilon. *See* Doc. No. 69 at 1.

## ARGUMENT

1. **With the Exception of the Controlled Buy Reports, the Government Will Produce All Surveillance Reports Connecting the Defendants with 177 Megan Road.**

The Barnstable Police Department prepared several reports documenting surveillance of the defendants and/or their cars being at 177 Megan Road on various dates, not in connection with any controlled purchases of narcotics. The government will produce these reports.

2. **The Government Will Disclose the Information from the Controlled Buy Reports That the Government Intends to Include as Relevant Conduct at Sentencing.**

At sentencing, the government will be obligated to notify the Court and Probation about all relevant conduct, including the controlled buys. The government agrees to promptly disclose to the defense the information pertaining to the controlled buys that the government intends to disclose in its statement of relevant conduct.

3. **The Court Should Deny the Defendants' Request for the Controlled Buy Reports**

The government does not intend to introduce any evidence at trial of any controlled buys from either defendant. Furthermore, the CIs' safety would be jeopardized if they were identified, and production of the reports would enable the defendants to identify the CIs in light of information in the reports concerning dates, locations, amounts, and other details of the controlled transactions. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957) (describing the

government's qualified privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law"). At the Court's request, the government will submit *ex parte* an affidavit from a member of the Barnstable Police Department detailing why disclosure of the reports would reveal the CIs' identities and explaining the basis of the CIs' concern for their safety.

For both of these reasons, the Court should deny the defendants' request for the controlled buy reports.

## CONCLUSION

The United States respectfully requests that the Court deny the defendants' renewed motions to compel discovery except to the extent that the government has agreed to produce the requested information.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3278
christine.wichers@usdoj.gov

## Certificate of Service

I certify that, on December 3, 2018, this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Christine J. Wichers*
Christine J. Wichers